PEPPER v. TAYLOR et al.

(Circuit Court of Appeals, Sixth Circuit. February 15, 1893.)

No. 77.

SALE—RESCISSION.

The buyer of a horse gave his notes, indorsed by a third person, for the purchase price, but subsequently sent back the horse, with a notification that he rescinded the sale. The seller accepted and kept the horse, but did not return the notes, having already negotiated them. The holder of the notes subsequently sued the maker and indorser, and a compromise judgment was entered, and paid, for part of the amount, and all of the notes were surrendered. *Held*, that the seller, by receiving back the horse, became bound to return the notes, and, as he failed to do so, he was liable to the maker and indorser for the sum they had paid thereon.

Appeal from the Circuit Court of the United States for the District of Kentucky.

In Equity. Bill by T. F. Taylor and W. M. Parrish against R. P. Pepper for the cancellation of certain promissory notes. Taylor had bought a horse from defendant, Pepper, and given his notes in payment, secured by Parrish's indorsement. Subsequently, and before any of the notes fell due, Taylor, being about to fail in business, sent the horse back to Pepper, with a request to deliver up the notes. Pepper received back the horse, but did not return the notes, having already negotiated them. Subsequently Parrish and Taylor were sued by the holder of the notes, and a compromise judgment was entered, and paid, for the amount of two of the notes, and all of them were thereupon surrendered. The circuit court entered a de-

cree in favor of the complainants for the amount which they had been compelled to pay upon the notes, and from this decree defendant appealed. Affirmed.

The following opinion was delivered by BARR, District Judge, in the court below:

' If there was any ambiguity in Taylor's letter of February 3, 1889, or doubt as to his purpose in sending the horse, 'Judge Lindsay,' to Mr. Pepper, that doubt was entirely removed by Taylor's letter of February 6, 1889. This letter, according to Mr. Pepper's evidence, was received by him at the time he accepted the delivery of the horse; and, according to Addison's statement, before he accepted the horse. It is, we think, immaterial which statement is correct. In either event, Mr. Pepper, having full knowledge that a rescission of the purchase of the horse was intended when he accepted his delivery, is bound, and became under a legal obligation, to return the notes of Taylor and Parrish, which had been given for the horse.

"It appears from the evidence that one of these notes was held by the Farmers' Bank and the other three by the Deposit Bank, at Frankfort, and Parrish was sued on the two first maturing, and judgment rendered against him. This judgment was rendered in the state of Virginia, and a compromise entered into between the banks and Parrish, by which he paid $1,325, and the other two notes were surrendered to him. In view of this compromise, made, presumably, with the consent of Mr. Pepper, he is only liable to indemnify Parrish to the extent of the money thus paid, i. e. $500 and $825, with interest from the time of payment; that is, $500, with interest from the 2d of December, 1889, and $825, with interest from the 1st day of March, 1890. There is no evidence of the amount of the cost paid by Parrish in the suit in Virginia, and therefore a decree will not go for this cost.

"The suggestion that Parrish subsequently sold the two notes surrendered to him, and may thus have fully indemnified himself for the money paid the banks, is not to be considered. There is not an intimation anywhere in this record that Mr. Pepper was bound on those notes, and all the presumptions are the other way. It would have been absurd for the Deposit Bank to surrender two notes of Taylor, Parrish, and Pepper,—one for $700 and one for $725,—in consideration of the payment of the other, for $675, of the same parties, by Parrish. Whatever may be the rights of Taylor, as against Parrish, because of the sale of these notes upon which he remained bound, is not before this court. That matter must be settled elsewhere. Mr. Pepper is entitled to the proceeds of the sale of the horse, 'Judge Lindsay,' and Parrish is entitled to a decree against Pepper for $500, with interest from December 2, 1889, and $825, with interest from March 1, 1890; and complainants are entitled to their costs in this suit. Let a decree go accordingly."

William Lindsay and Frank Chinn, for plaintiff in error.

Wm. C. P. Breckinridge and John T. Shelby, for defendants in error.

Before JACKSON and TAFT, Circuit Judges, and SAGE, District Judge.

PER CURIAM. The decree of the lower court is affirmed on the grounds clearly stated by the judge who heard the cause, and rendered said decree. The proof establishes that the appellant accepted a return of the horse under such circumstances and conditions as to warrant the finding that he made his election to rescind the contract of sale, and thereby became bound to indemnify the appellees for what they had to pay on the notes, which the appellant should have canceled, surrendered, or taken up himself.

The decree is affirmed, with costs.